**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **VANESSA THOMAS,**<br>**Individually and on behalf**<br>**of all others similarly situated** | § § § § | **Civil Action No. _____** |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **DISPOSALL, INC.** | § § | **COLLECTIVE ACTION** |
| *Defendant.* | § § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Vanessa Thomas brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for DisposAll, Inc. (hereinafter "Defendant" or "DisposAll"), at any time during the relevant statute of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, *et seq.*

### I.
### OVERVIEW

1.       This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*

2.       Plaintiff and the Putative Class Members are those similarly situated persons who worked for DisposAll at any time from March 26, 2017 through the final disposition of this matter, and were paid a piece rate or a day rate, but did not receive overtime for all hours worked over forty (40) in each workweek.

3.      Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4.      Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by DisposAll not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.      DisposAll knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members were Waste Disposal Drivers responsible for hauling and disposing of waste throughout the State of Florida.

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.     Plaintiff Vanessa Thomas ("Thomas") was employed by DisposAll within the meaning of the FLSA, within this judicial district and within the relevant three-year period. Plaintiff

Thomas did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11.     The Putative Class Members are those current and former Waste Disposal Drivers who were employed by DisposAll at any time from March 26, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Thomas worked and was paid.

12.     Defendant DisposAll, Inc. (hereinafter "DisposAll") is a Florida for-profit company, licensed to and doing business in Florida, and may be served through its registered agent for services of process: **Paula Calabrese 540 Douglas Ave., Altamonte Springs, Florida 32714.**

### III.
### JURISDICTION & VENUE

13.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14.     This Court has personal jurisdiction over DisposAll because the cause of action arose within this district as a result of DisposAll's conduct within this District and Division.

15.     Venue is proper in the Middle District of Florida because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.     Specifically, DisposAll has maintained a working presence throughout the State of Florida, and Plaintiff worked in Orlando, Florida throughout her employment with DisposAll, all of which is located within this District and Division.

17.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### ADDITIONAL FACTS

---

[1]  The written consent of Vanessa Thomas is attached hereto as Exhibit "A."

18.     DisposAll provides portable toilets, biomedical waste removal services, roll-off containers (dumpsters) in multiple capacities, as well as compactors and balers for virtually any waste, refuse, and recycling requirements throughout the State of Florida.[2]

19.     To provide their services, DisposAll employed (and continues to employ) numerous Waste Disposal Drivers—including Plaintiff Thomas and the individuals that make up the putative or potential class.

20.     While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

21.     Plaintiff and the Putative Class Members' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfill or disposal sites throughout the State of Florida.

22.     Plaintiff Thomas was employed by DisposAll as a Waste Disposal Driver from approximately March 2018 until August 2018.

23.     Plaintiff and the Putative Class Members are non-exempt employees paid either a piece-rate—that is, they were paid for each haul completed—or a day rate–that is, they were paid a single sum for each day of work regardless of the number of hours worked that day.

24.     When paid a piece rate, Plaintiff Thomas received different dollar amounts for each haul, depending on the type of haul, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

25.     When paid a day rate, Plaintiff Thomas was paid the same sum for each day of work, regardless of hours worked each day, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

---

[2] https://disposallinc.com/about/.

26.     Importantly, none of the FLSA exemptions relieving a covered employer (such as DisposAll) of the statutory duty to pay its employees overtime at one and one-half times their regular rate of pay apply to Plaintiff or the Putative Class Members.

27.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of DisposAll resulting in the complained of FLSA violations.

28.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

29.     Plaintiff and the Putative Class Members did not have the authority or discretion to vary or change their proscribed job duties and/or routes.

30.     Plaintiff and the Putative Class Members did not have the authority to bind or represent the company financially.

31.     Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees.

32.     Plaintiff and the Putative Class Members were not (and currently are not) responsible for making decisions regarding salary, pay, or other administrative matters.

33.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of DisposAll and/or its customers.

34.     Rather, Plaintiff and the Putative Class Members were blue-collar Waste Disposal Drivers.

35.     Plaintiff Thomas worked an average of ten (10) to fifteen (15) hours per day, and five (5) to six (6) days per week, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

36.     DisposAll denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

37.     DisposAll applied this pay practice despite clear and controlling law that states that the manual and routine duties which were performed by Plaintiff and the Putative Class Members consisted of **non-exempt** work.

38.     The FLSA mandates that overtime be paid a one and one-half times an employee's regular rate of pay.

39.     Accordingly, DisposAll's pay policies and practices violated (and continue to violate) the FLSA.

40.     DisposAll knew or should have known that it misclassified Plaintiff and the Putative Class Members as exempt employees and that Plaintiff and the Putative Class Members were entitled to overtime compensation pursuant to the FLSA.

41.     DisposAll's actions therefore constitute willful violations under the FLSA and were not made in good faith.

**V.**
**CAUSE OF ACTION**

42.     Paragraphs 1–41 are fully incorporated herein.

**A.     FLSA COVERAGE**

43.     The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR DISPOSALL, INC., AT ANY TIME FROM MARCH 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY EACH WEEK. ("FLSA Collective" or "FLSA Collective Members")**

44.     At all times hereinafter mentioned, DisposAll has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45.     At all times hereinafter mentioned, DisposAll has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46.     At all times hereinafter mentioned, DisposAll has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

47.     Specifically, DisposAll operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

48.     DisposAll employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for purposes of the FLSA.

49.     Specifically, Plaintiff and the Putative Class Members were employed by DisposAll to provide services to its clients by collecting and transporting trash, refuse, and recyclables over interstate roadways throughout the State of Florida.

50.     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the

meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51.     Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers who assisted DisposAll's customers throughout the State of Florida. 29 U.S.C. § 203(j).

52.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 43.

54.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of DisposAll.

B.     **FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

55.     DisposAll violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56.     Moreover, DisposAll knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

57.     DisposAll knew or should have known its pay practices were in violation of the FLSA.

58.     DisposAll is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

59.     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted DisposAll to pay them according to the law.

60.     The decision and practice by DisposAll to not pay Plaintiff and the Putative Class Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

61.     Accordingly, Plaintiff and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

63.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of DisposAll's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

64.     Other similarly situated employees of DisposAll have been victimized by DisposAll's patterns, practices, and policies, which are in willful violation of the FLSA.

65.     The FLSA Collective Members are defined in Paragraph 43.

66.     DisposAll's failure to pay Plaintiff and the Putative Class Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of DisposAll, and does not depend on the personal circumstances of Plaintiff or the Putative Class Members.

67.     Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

68.     The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

69.     All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

70.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and DisposAll will retain the proceeds of its violations.

72.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 43 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

74.     Plaintiff respectfully prays for judgment against DisposAll as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 43 and requiring DisposAll to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding DisposAll liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated

damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

    d.    For an Order awarding the costs of this action;

    e.    For an Order awarding attorneys' fees;

    f.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Plaintiff Thomas a service award as permitted by law;

    h.    For an Order compelling the accounting of the books and records of DisposAll, at DisposAll's expense; and

    i.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 27, 2020

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By:     /s/ *C. Ryan Morgan*
_____
**C. Ryan Morgan, Esq.**
FBN 0015527
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:      (407) 867-4791
Email:  rmorgan@forthepeople.com

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
_____
**Clif Alexander**
(*pro hac vice application forthcoming*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
(*pro hac vice application forthcoming*)
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative
Class Members***